UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY D. JOHNSON, | ) | CASE NO. 3:08 CV 2061 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| D.T. WADDELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Gregory D. Johnson filed the above-captioned action which he characterizes as "civil rights; 42 U.S.C. 2000e- Title VII-Discrimination, 14th Amendment Due Process Violation." (Compl. at 2.) He names as defendants Toledo Police Detective D.T. Waddell, Lucas County Commissioner Tina Skeldon-Wozniak, and Lucas County Prosecutor Julia Bates. He filed a Supplemental Complaint on September 12, 2008 adding Lt. John Doe of the Toledo Police Department to the list of defendants. In the complaint, plaintiff alleges that the Toledo police will not release to him a motor vehicle used in a burglary. He seeks monetary damages and return of the vehicle. Mr. Johnson also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Johnson alleges that he has been unable to retrieve his vehicle from the custody of the Toledo Police Department.[1] He claims he attempted to report it stolen on July 23, 2008. He states that "the truck was getting a brake job done on Detroit Ave. and Buckingham St., and the mechanic and the car were missing." (Compl. at 1.) He indicates he was told he could not file a report without providing the Vehicle Identification Number. He called the following day with the information and was told all he needed to provide was a social security number. He was also informed that the vehicle had been used in a burglary. He was referred to Detective Waddell. No police report was filed.

Mr. Johnson was unable to obtain relief from Detective Waddell. He attempted to contact Detective Waddell by telephone but was informed he would be out of town until August 2, 2008. When he reached Detective Waddell on August 11, 2008, he was told he would have to come to the police station to discuss the vehicle. The Detective would not release information over the telephone. Mr. Johnson contacted an attorney who spoke to Detective Waddell. The attorney was told that charges were pending. The attorney telephoned Mr. Johnson on August 14, 2008 and informed him that "he had checked the internet in all courts and there were no charges pending on any Gregory D. Johnson." (Compl. at 1.) Mr. Johnson then filed this action.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), those principles

---

[1]  Mr. Johnson refers to this vehicle as both a car and then as a truck.

2

requiring generous construction are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). When an in forma pauperis action fails to state a claim upon which relief can be granted, or lacks an arguable basis in law or fact, the district court is required to dismiss it under 28 U.S.C. §1915(e).[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

### Title VII

Mr. Johnson first asserts a violation of "42 U.S.C. § 2000e - Title VII - Discrimination." (Compl. at 1.) This statute provides a cause of action for employment discrimination. The allegations in this case do not concern Mr. Johnson's employment. Title VII is not applicable to this matter.

### Due Process

Mr. Johnson also asserts a cause of action under the Fourteenth Amendment for denial of due process. The Fourteenth Amendment provides that a state may not "deprive any

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. Id. It is not clear whether Mr. Johnson intends to assert a claim for procedural due process or substantive due process. Consequently, the court liberally construes the complaint as asserting both types of claims.

## I. Procedural Due Process

To the extent Mr. Johnson intended to assert a procedural due process claim, it is without merit. To state a claim for relief, Mr. Johnson must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights, or that the defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). Mr. Johnson is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting he was deprived of his vehicle due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts, Mr. Johnson must also plead and prove that state remedies for redressing the wrong are inadequate. Macene, 951 F.2d at 706; Vicory, 721 F.2d at 1064. A remedy is available in the Ohio Court of

Claims. See Haynes v. Marshall, 887 F.2d 700, 704 (6th Cir.1989). He has not claimed this state remedy was inadequate. He therefore failed a set forth a claim for denial of procedural due process.

## II. Substantive Due Process

To the extent Mr. Johnson intended to assert a substantive due process claim, it too is subject to dismissal. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325 (1937). Two basic types of due process claims arise in this context. The first type of substantive due process claim involves official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. Mertik v. Blalock, 983 F.2d 1353,1367 (6th Cir. 1993). Mr. Johnson does not allege a violation of another substantive constitutional right. The second type of substantive due process claim concerns laws or actions of government officials that "shock the conscience." See United States v. Salerno, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. Parate v. Isibor, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. Id. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." Id. None of the facts alleged in the complaint reasonably suggest that the actions of the defendants rise to this level.

Where the plaintiff does not provide facts to support either of these theories of recovery, the actions of the defendants may still deny substantive due process if the state's action

5

was not rationally related to a legitimate state interest. See e.g., Reno v. Flores, 507 U.S. 292, 301-05 (1993). Mr. Johnson does not deny that his vehicle was used in the commission of a crime and that it is being held for evidentiary purposes. Prosecution of felony crimes is a legitimate state interest. See Younger v. Harris, 401 U.S. 37, 44-45 (1971)(finding state criminal proceedings to be a paramount state interest). Mr. Johnson fails to allege facts indicating that the defendants' actions to retain possession of evidence during a criminal investigation are not rationally related to this interest.

## Proper Parties

Finally, even if Mr. Johnson had asserted a viable claim under Title VII or the United States Constitution, his claims against Ms. Skeldon-Wozniak, Ms. Bates, and Lt. John Doe would be dismissed. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Detective Waddell is the only defendant mentioned in the body of the complaint. Mr. Johnson simply alleges no facts which reasonably associate the other defendants to any of the claims set forth in the pleading.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

---

[3] 28 U.S.C. § 1915(a) provides, in pertinent part:

6

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.